## COOKINGHAM v. UNITED STATES.

### No. 10142.

United States Court of Appeals
Third Circuit.

Argued June 8, 1950.

Decided Sept. 20, 1950.

Abraham E. Freedman, Philadelphia, Pa. (William M. Alper and Freedman, Landy & Lorry, all of Philadelphia, Pa., on the brief), for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Gerald A. Gleeson, United States Attorney, John A. Friedrich and Krusen, Evans & Shaw, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

The basic question which this case raises is whether the failure of the shipowner to provide a safe place to work affords to an injured seaman an independent ground for the recovery of damages without proof of negligence or unseaworthiness. It appears that the libellant, a cook on the Rufus W. Peckham, slipped on a substance, apparently Jello, while going down a stairway leading to the chill box to get food for the crew. For injuries to his knee thus sustained he brought this suit. There was no evidence as to when or how the substance got on the step. The district court held that the evidence failed to establish negligence and also that it did not show that the owner had failed to maintain the ship in a seaworthy condition. Concluding that there was no basis for holding that the respondent was liable to the libellant for damages merely because of the temporarily unsafe condition of the stairway in question, the court entered judgment for the respondent on the libellant's claim for damages. 87 F.Supp. 203.

We think that the district court was right in holding that in the absence of evidence of negligence or unseaworthiness the respondent was not liable for failing to provide a safe place to work. "If," as Chief Judge Kirkpatrick said in his opinion, 87 F.Supp. 203, 205, "the place where a seaman works is unsafe that is a fact which may establish that the ship was unseaworthy or that the employees were negligent, but" there is "no basis for holding that there is a third and separate ground of liability in this regard." In the present case the district court concluded that the evidence failed to establish negligence. There being no evidence as to how long a time the Jello had been on the step prior to the accident, a finding that the ship's officers were negligent in failing to remove it after they knew or should have known of its existence would, we think, not have been warranted.

Nor can we say that the district court erred in concluding that unseaworthiness had not been proved. Undoubtedly the owner has a duty at the commencement of the voyage to furnish a vessel and appliances which are seaworthy in all respects. It is equally settled that he has a continuing duty to keep the vessel's appliances in order and to maintain the vessel itself in a seaworthy condition during the voyage. His liability for failure to per-

form these duties is a species of liability without fault not limited by conceptions of negligence. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

■ We agree with the district court, however, that the doctrine of unseaworthiness does not extend so far as to require the owner to keep appliances which are inherently sound and seaworthy absolutely free at all times from transitory unsafe conditions resulting from their use, as happened in the case before us. Mahnich v. Southern S.S. Co., 1944, 321 U.S. 96, 66 S.Ct. 455, 88 L.Ed. 561, is urged to the contrary. But that case is clearly distinguishable. There the seaman was injured by a fall from a staging which gave way when a defective rope supporting it parted. The rope, an essential part of the ship's gear, was itself inherently defective and, therefore, unseaworthy.

■ In the present case the stairway upon which the libellant slipped was perfectly sound, its unsafe condition being the sole result of the temporary presence of a foreign substance upon it. To extend the doctrine of unseaworthiness to cover such a case as this would be to make the ship owner an insurer against every fortuitous or negligent act on shipboard which results in temporarily rendering an appliance less than safe even though he may have no knowledge of or control over its happening, and without giving him a reasonable opportunity, such as is afforded by the safe place to work doctrine of the law of negligence, to correct the condition before he becomes liable for it. The ancient admiralty doctrine of unseaworthiness has never gone so far. If, as the litigation coming before us would indicate, the doctrines of unseaworthiness and negligence fall far short of giving seamen adequate protection by way of compensation for all injuries suffered by them in the maritime service the remedy is not for the court to extend the old rules to cases such as this which they were never designed to cover but rather for Congress to supplement or supersede the ancient rules with a modern seamen's compensation act.

■ A question is also raised as to maintenance and cure. The district court awarded maintenance and cure for a period of twenty months. After the trial and shortly before decision the libellant petitioned for leave to submit proof that his injuries were more severe than had appeared at the trial and that additional maintenance and cure was required. The court denied the petition. We think that this was within its discretion. In any event the award which the district court made is not conclusive of the libellant's right to further maintenance and cure if it should appear in a later suit that his condition warrants an additional award. Calmar S.S. Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993. Compare Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

The judgment of the district court will be affirmed.

BIGGS, Chief Judge, (dissenting in part and concurring in part).

The duty of the owner to maintain a seaworthy ship is an absolute one: The Osceola, 189 U.S. 158, 173-175, 23 S.Ct. 483, 47 L.Ed. 760. It has no connection with negligence. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561. If the ship or her gear is not safe for use, the ship is not seaworthy. I think that both the court below and this court have returned to the doctrine of negligence of Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. In Mahnich v. Southern S. S. Co., supra, the Supreme Court pointed out that before the decision in The Osceola, "* * * the right of the seaman to recover for injuries caused by unseaworthiness seems to have been rested on the negligent failure, usually of the seaman's officers or fellow seamen, to supply seaworthy appliances", [321 U.S. 96, 64 S.Ct. 457,] and that The Osceola made plain that the duty of the shipowner to maintain the vessel in a seaworthy condition was an absolute one. In the Mahnich case the Supreme Court disapproved Plamals v. The Pinar Del Rio to the extent that the latter

decision conflicted with the principle just stated. 321 U.S. at page 105, 66 S.Ct. at page 460.

I assume that the majority would concede that if the foreign substance, jello, had remained upon the stairway of the "Peckham" for several days, the stairway, and hence the ship, should have been deemed to have been unseaworthy. Someone spills grease upon a rope or jello upon a stairway. The rope, an appliance, and the stairway are unseaworthy if they are thereby rendered unfit for the use for which they were intended. As was said in the Mahnich case, 321 U.S. at page 104, 64 S.Ct. at page 459, quoting from The Osceola, " * * * the owner's obligation is 'to supply and *keep in order* the proper appliances appurtenant to the ship.' " While the spilling of grease upon a rope or jello upon a stairway might be an act of negligence for which recovery might be had by an injured seaman under the Jones Act, 46 U.S.C.A. § 688, once the dangerous situation has been created it is the absolute obligation of the shipowner to correct it. If it is not corrected and a seaman is injured because of it the shipowner must answer in damages. This is the equivalent of the requirement of "a safe place to work" for the seaman, a doctrine not novel in the admiralty law. See the Mahnich opinion, 321 U.S. at page 102, 64 S.Ct. at page 458, and the authorities cited therein.

The majority apparently are of the opinion that because the stairway on the "Peckham" was "transitorily" in an unsafe state that this absolves the shipowner from liability. Incidentally, it nowhere appears how long the jello had remained upon the stairway; albeit, in my view, the period during which the stairway was in an unsafe state is immaterial under the circumstances of the instant case. If the stairway was in a condition dangerous for the use for which it was intended, however, "transitorily", it was unseaworthy. It remained so while the unsafe condition persisted. The element of time which has intruded itself in this case in both the opinion of this court and that of the court below is irrelevant under the doctrine of the shipowner's absolute liability.

I would enter judgment for the libellant on the cause of action for damages.

I am in accord with the view of the majority on the issues presented respecting the award of maintenance and cure.