### ADAMOWSKI v. GULF OIL CORPORATION.

#### Civ. A. No. 9386.

United States District Court
E. D. Pennsylvania.
Sept. 28, 1950.

116

Herman Moskowitz, of Stark & Goldstein, of Philadelphia, Pa., for plaintiff.

Robert Cox, of Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

BARD, District Judge.

At the trial of this case on March 29 and 30, 1950, the jury awarded the plaintiff $800 for injuries resulting from the defendant's negligence, and $472.50 for maintenance and cure. This case is now before me on the defendant's motion for judgment notwithstanding the verdict in the negligence phase of the case.

The defendant contends that no evidence was introduced to show that the defendant knew or should have known of the condition which caused the plaintiff's accident, and that in the absence of such evidence, the defendant was not negligent, and cannot be held liable.

The plaintiff was employed as a wiper aboard the S.S. Gulfmills, a vessel owned, operated and controlled by the defendant Gulf Oil Corporation.

About 2:30 A.M. on August 30, 1947, when The Gulfmills was in the port of Puerto La Cruz, Venezuela, taking on a cargo of oil, the plaintiff slipped, fell and injured his back while walking through a dark passageway. When he reached his quarters he discovered oil stains on his clothes.

Later that morning, between 8 and 9 A.M., while scrubbing down that same passageway, the plaintiff found an oil spot on the deck about three or four feet in diameter. This oil spot was seven or eight feet from the nearest door, approximately where he had fallen.

No evidence was introduced to show how long the oil had been in the passageway before the plaintiff slipped and fell, or how it had gotten there. Nobody but the plaintiff himself saw the oil spot.

The foregoing facts [1] represent all the pertinent evidence on this phase of the case as viewed in a light most favorable to the plaintiff. After considering those facts and the inferences therefrom, I agree with the defendant.

An injured seaman is a preferred litigant in many ways. However, when his recovery is predicated upon the defendant's negligence, he must prove that negligence by a preponderance of the evidence.

To do this under the circumstances of this case, the plaintiff must show that the defendant knew or should have known of the oily condition of the deck in that passageway so that defendant could have discovered and corrected that unsafe condition. Cookingham v. United States, 3 Cir., 184 F.2d 213; Miller v. The Sultana et al., 2 Cir., 176 F.2d 203, 207, certiorari denied 338 U.S. 907, 70 S.Ct. 303; Guerrini v. United States, 2 Cir., 167 F.2d 352, 356; Boyce v. Seas Shipping Co., 2 Cir., 152 F.2d 658; Rouchleau, Adm'x v. Silva, Cal.App., 208 P.2d 697, 1950 A.M.C. 673, 676; Stolper v. United States et al., 1950 A.M.C. 551, 552.

The plaintiff has not sustained his burden. There is nothing to show whether the oil spot had been there six minutes or six hours. Without any evidence of the length of time the oil had been there, one cannot infer that the defendant was negligent for failing to wipe it up.

Furthermore, the plaintiff did not find oil on his clothes when he reached his quarters.

---

1. Those are the facts as I recall them, for a complete transcript was not filed in this case.

He found oil *stains*. The oil that made these stains may well have come from the engineroom where he worked.

The plaintiff contends that some of the oil that was being loaded aboard The Gulfmills had spilled, had run down the deck and through the door of that passageway, and had collected in a pool at the place where the plaintiff fell. This theory is too preposterous to accept. A door aboard ship is not constructed like a door in a building; it is not flush with the floor but sits on a sill or riser six or more inches above the deck. This riser is built up from the deck so that the door when closed can be made watertight. To have the supposed oil spill flow over the riser into the passageway, the oil on the outside deck would have to be at least as deep as the riser was high. There was no evidence of any oil spill, let alone one of flood-like proportions.

Under the circumstances, there was no evidence to show that the defendant had or should have had notice of the oily condition in the passageway, and it was error for me to allow the jury to speculate whether the defendant was negligent in this manner.

Likewise, the plaintiff's evidence has failed to establish the defendant's negligence with respect to the darkened passageway.

Again, the plaintiff has not offered any proof whatsoever that the defendant knew or should have known of this unsafe condition. There is no evidence to show how long prior to the plaintiff's accident the light in that passageway had been out. For the reasons expressed above, the defendant cannot be held liable for this alleged negligence.

 Finally, the defendant cannot be held liable for unseaworthiness as is alleged in the plaintiff's complaint.

The passageway in which the plaintiff slipped was perfectly sound. Its unsafe condition was the result of the temporary presence of a foreign substance upon it, or the result of a temporary absence of light in it. As Judge Maris aptly said in Cookingham v. United States, supra, "To extend the doctrine of unseaworthiness to cover such a case as this would be to make the ship owner an insurer against every fortuitous or negligent act on shipboard which results in temporarily rendering an appliance less than safe even though he may have no knowledge of or control over its happening, and without giving him a reasonable opportunity, such as is afforded by the safe place to work doctrine of the law of negligence, to correct the condition before he becomes liable for it. The ancient admiralty doctrine of unseaworthiness has never gone so far."

Accordingly, the defendant's motion for judgment notwithstanding the verdict in the negligence phase of this case is hereby granted.