**SHANNON v. UNION BARGE LINE CORP.**

No. 190.

United States District Court
W. D. Pennsylvania.

May 1, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

John R. Bredin, Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

### Findings of Fact.

1. Elizabeth Shannon, libellant, is a citizen and resident of Pittsburgh, Pennsylvania.

2. Union Barge Line Corporation, respondent, is a Pennsylvania corporation, having its principal office in the City of Pittsburgh, Pennsylvania.

3. The libellant, Elizabeth Shannon, was a chambermaid on the Steamer C. W. Talbot, owned by the respondent corporation prior to and during the month of May, 1950.

4. The said vessel C. W. Talbot was in navigation on the Ohio River and its tributaries during the month of May, 1950.

5. On May 15, 1950 in the forenoon, libellant was engaged in the performance of her duties on said vessel while it was in navigation on the Ohio River.

6. Libellant, while carrying a bucket of water which had become dirty from her mopping of the floors, fell on the guard of the vessel a short distance from the rail over which she had intended to throw the dirty water, injuring her back and left foot and ankle.

7. Libellant was thereby incapacitated from further work on said vessel and left the vessel in the early afternoon, since which time she has not been employed in any capacity.

8. Libellant received out-patient treatment from the Marine Hospital at Pittsburgh on the day following the accident and continued to receive such treatment until September 25, 1950.

9. On September 25, 1950, libellant entered the Marine Hospital in Cleveland, Ohio, where she received treatment for her injuries until October 9, 1950, when she was discharged.

10. Libellant was still unable to return to her duties after her discharge from the hospital in Cleveland, Ohio, and continued to receive out-patient treatment from the Marine Hospital in Pittsburgh, the doctor advising home treatment for further improvement.

11. Although libellant had an arthritic condition prior to May 15, 1950, this condition caused no disability and libellant was able to do satisfactorily the work of a chambermaid until May 15, 1950.

12. The injuries resulting from the accident on May 15, 1950 aggravated the arthritic condition which had existed prior thereto and up to the time of the trial libellant was still unable to resume her former duties as a chambermaid.

13. It was stipulated by the parties that the rate of maintenance and cure should be $3.50 per day.

14. The rate of maintenance and cure should be $3.50 per day from May 15, 1950 until April 25, 1951, the time of trial, subtracting the time spent in the Cleveland Marine Hospital.

15. Libellant is entitled to recover from respondent maintenance and cure for 332 days at the rate of $3.50 per day, and costs.

### Conclusions of Law.

1. This case is within the jurisdiction of this Court by virtue of the Maritime and Admiralty Laws of the United States.

2. Libellant was injured while in the service of respondent and on a vessel owned and operated by it, and while she was employed thereon as a seaman and member of the crew.

3. Libellant is entitled to recover from respondent maintenance and cure, for 332 days at the rate of $3.50 per day for 332 days, and costs.