## SHANNON v. UNION BARGE LINE CORP.
### Civ. A. No. 8879.

United States District Court
W. D. Pennsylvania.

Sept. 26, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

John R. Bredin, Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

On May 15, 1950 plaintiff was employed by defendant as a chambermaid on one of its vessels navigating on the Ohio River and its tributaries. In the performance of her duties as a chambermaid, she had occasion to take a pail of water which had been used in cleaning one of the cabins, to the outside of the boat for emptying of the same in the river. While she was stepping from a cabin door in the performance of her duties, she stepped on a passageway on which she alleged there was oil, which caused her to fall and to injure herself. She brought an action in Admiralty for maintenance and cure. A judgment was entered in her favor in the amount of $1,162, and costs. D.C., 96 F.Supp. 916. She also brought this action to recover damages on the ground that the vessel was unseaworthy and that the defendant was guilty of negligence by reason of the accumulation of oil on the floor. At the trial she received a verdict in her favor in the amount of $7,500. At the trial defendant moved for judgment in its favor, alleging inter alia, that the plaintiff had failed to make out a case against the defendant.

The case is now before us on defendant's motion for judgment in its favor, or in lieu thereof, for a new trial.

There was no evidence at the trial of how long the oil which caused her to slip and fall had been on the floor, or who had placed it there.

I am of the opinion that this case is ruled in principle by Cookingham v. United States, 3 Cir., 184 F.2d 213, certiorari denied by the Supreme Court of the United

States, 340 U.S. 935, 71 S.Ct. 495. In that case, a cook slipped on some substance left on a stairway leading to a chill box. There was no evidence in that case of how long the substance had been there prior to the accident or who was responsible for its being there. Under these circumstances, the Court held that on the action to recover damages by reason of unseaworthiness and negligence judgment was properly entered for the defendant.

At the oral argument, plaintiff offered an amendment to the complaint, which was refused. The same amendment had been offered during the trial but was withdrawn without prejudice to renewing the same at the close of the testimony, which was not done.