**GARRISON v. UNITED STATES.**

No. 26262.

United States District Court,
N. D. California, S. D.

March 12, 1954.

Gladstein, Andersen & Leonard, San Francisco, Cal., for libelant.

Lloyd H. Burke, U. S. Atty., Keith R. Ferguson, Asst. U. S. Atty., San Francisco, Cal., for respondent.

MURPHY, District Judge.

This is a libel in personam brought under the Jones Act, 46 U.S.C.A. § 688, and the General Maritime Law by a messman employed aboard the S. S. Linfield Victory. Libelant slipped on a "film of water" on the vessel's deck and he attributes his injuries, however minor, to the negligence of respondent and the unseaworthiness of the vessel.

The evidence showed that at the time of the accident high seas intermittently washed over the part of the deck on which libelant slipped. An eyewitness also testified that he and others had cleaned the water off the area in question just a few hours before the accident occurred.

The temporary presence of water upon the deck does not constitute unseaworthiness—to hold otherwise would make the shipowner an insurer. Nor can negligence be attributed to respondent. In the light of the weather conditions then prevailing, it was not feasible to keep the deck at all times free of water. Efforts undertaken by respondent's employees to clean off the deck prior to the accident constituted substantial compliance with respondent's duty toward persons in libelant's

position. Cookingham v. United States, 3 Cir., 1950, 184 F.2d 213; Shannon v. Union Barge Line Corp. 3 Cir., 1952, 194 F.2d 584; Adamowski v. Gulf Oil Corp., D.C.E.D.Pa., 93 F.Supp. 115, 1950 A.M.C. 2079.

Judgment will be entered for respondent. Let findings of fact and conclusions of law be prepared in accordance with the rule.