**PACIFIC FAR EAST LINES, Inc.,**
a Corporation, Appellant,

v.

**John WILLIAMS, Appellee.**
**No. 14706.**

United States Court of Appeals
Ninth Circuit.

May 23, 1956.

Dorr, Cooper & Hays, Jay T. Cooper, George L. Waddell, San Francisco, Cal., for appellant.

Melvin M. Belli, Sr., E. Brawner Johnson, San Francisco, Cal., for appellee.

Before HEALY, LEMMON and FEE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a judgment for appellee, a longshoreman, in a suit for damages for personal injury predicated on negligence of appellant and on unseaworthiness of its refrigerator ship Fleet-

wood. The case was tried to a jury, which returned a general verdict for appellee.

The longshore gang which was engaged in loading the Fleetwood had knocked off work at midnight for lunch. Before leaving they closed up the No. 5 hatch with heavy insulation plugs to keep the hold from heating while away. About 1 A.M. they returned to resume loading. In order to remove the insulation plugs appellee and another longshoreman climbed down onto the plugs and hooked the key plug to a wire sling connected with the cargo winch. The two men then got out of the way, appellee by leaving the hatch. The winch lifted the plug and carried it over to the inshore deck where it was deposited. Appellee then started to climb over the coaming to hook up the next plug. He stepped back and down with one foot, seeking to step onto a bar affixed within a recess in the coaming above the space where the plug had been. He slipped, fell through the opening in the hatch left by the removal of the key plug, and landed on cargo stowed in the lower hold, suffering serious injury.

There was testimony that moisture and frost had formed on the hatch coaming and its recessed steps, from which the jury were entitled to infer that appellee's plunge into the hold was precipitated by his slipping on this treacherous surface. The evidence for appellee tended strongly to show that the lighting above the plugs was insufficient to disclose the existence of the hazardous condition described. This evidence we summarize briefly.

A large canvas known as a "Seattle tent" was suspended above the hatch to keep warm air from raising the temperature in the hold. Some light from a floodlight attached to the mast penetrated a narrow slit in this canvas. Also there was some light which emanated from cargo lights resting on the deck or propped against the hatch coaming, and some which came from the dock lights. There was testimony that the small lights attached to the 'tween deck overhead, for illuminating the 'tween deck hold, were not turned on at this time. These lights are under the control of the ship's officers and are supposed to be on at all times; and the jury might well have inferred that had they been on they would have cast sufficient illumination on the hatch coaming to help substantially in revealing to appellee the slippery condition of the surface on which he was about to step.

■ In this state of the proof on appellee's behalf the jury were not unwarranted in finding unseaworthiness or negligence, or both, on the part of the shipowner. The instructions given them by the court were thorough and informative, and there appears to be no good reason why we should disturb their verdict.

■ Appellant, citing Cookingham v. United States, 3 Cir., 184 F.2d 213, argues that the presence of ice in the area or the slippery condition of the coaming was a "transitory" condition, not constituting unseaworthiness or negligence on the part of the ship. Assuming the doubtful proposition that the Cookingham holding is recognized in this circuit as persuasive authority, we see no analogy between it and the case before us. In Cookingham the injured seaman, a cook, slipped on some "jello" while going down a stairway. There was no evidence tending to connect the ship with the presence of the jello on the stairway, and apparently none tending to show that the stairway was insufficiently lighted. Here, however, as already seen, there was evidence of a condition, *attributable to the ship*, of insufficient lighting which might well be thought to have been responsible for appellee's mishap. Even though the condition of inadequate lighting be regarded as "transitory", that fact would obviously not serve to absolve appellant of liability.

Affirmed.