Albert SLOAN, Libelant,

v.

THE S. S. ALCOA PENNANT, her engines, boilers, etc., and Alcoa Steamship Company, Inc., a corporation, Respondents and Petitioner,

Cooper Stevedoring Company, Inc., a corporation, Impleaded Respondent.

No. 2576.

United States District Court
S. D. Alabama, S. D.

Dec. 29, 1958.

Jerome Golenbock, New York City, Ross Diamond, Jr., of Diamond, Engel & Lattof, Mobile, Ala., for libelant.

Haight, Gardner, Poor & Havens, New York City, John H. Tappan, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for respondent.

Francis H. Inge, of Inge & Twitty, Mobile, Ala., for impleaded respondent.

DANIEL HOLCOMBE THOMAS, District Judge.

This is an action in admiralty by an employee of a stevedoring contractor to recover damages from a shipowner for injuries resulting from the alleged defective, unsafe and unseaworthy condition of the vessel and the dangerous condition of the deck of the vessel, in which action the shipowner has filed a petition of impleader against the stevedoring contractor.

Libelant was aboard the S. S. *Alcoa Pennant* as an employee of Cooper Stevedoring Company, Inc., which had contracted with Alcoa Steamship Company to unload bananas from said vessel. While so engaged in unloading bananas, libelant slipped on a ripe banana and was injured. The deck was properly constructed and there was sufficient light.

Libelant was working on the "tween deck" of the *Alcoa Pennant*, and was engaged in carrying bananas from the "reefer box" to a container which was lowered into the hold of the ship by longshoremen operating the ship's winches. When the container was filled

to its capacity, the winch operator would then remove it from the hold of the ship and an empty container would replace it in said hold. The longshoremen on the "tween deck" carried stems of bananas from the "reefer box" to the container and, in the process of so doing, some bananas would inevitably fall to the deck of the ship. Libelant testified that this was not an unusual occurrence, and further stated that he had observed bananas on the deck of the ship prior to his accident.

There was no direct evidence as to how the banana got on the deck. Presumably, it dropped from one of the stems of bananas being unloaded; however, there is no evidence as to when it fell or how long it had remained on the deck.

The original libel sought recovery from the shipowner on the theory that the occurrence was caused solely by the defective, unsafe and unseaworthy condition of the vessel and the dangerous condition of her decks, and by the fault and negligence of the master and officers of the ship in failing to furnish the libelant with a safe place in which to work and in failing to provide libelant with a safe and seaworthy vessel.

The petition of impleader, filed by the shipowner against the stevedoring contractor, sought indemnity from the latter in the event that the court found libelant entitled to a decree against said shipowner, on the theory that the shipowner had contracted with the stevedoring contractor for the discharge of the vessel in question, that it was incumbent upon and a part of the implied agreement between the shipowner and the stevedoring contractor that the latter do its work in a careful and workmanlike manner, and, finally, that the stevedoring contractor breached its agreement and implied warranty of careful and proper workmanship by negligently permitting the cargo which it was unloading at the time to spill to the deck, thereby creating an unsafe working condition, proximately causing the alleged injury to libelant.

### Conclusions of Law

1. The libelant's evidence fails to establish negligence. Boyce v. Seas Shipping Co., 2 Cir., 1945, 152 F.2d 658. Nor does the court find any evidence of a failure on the part of the shipowner to maintain the ship in a seaworthy condition. Cookingham v. United States, D.C., 87 F.Supp. 203, affirmed 3 Cir., 184 F.2d 213, certiorari denied, 340 U.S. 935, 71 S.Ct. 495, 95 L.Ed. 675; Poignant v. United States, 2 Cir., 1955, 225 F.2d 595.

2. Failure to provide a safe place to work affords no ground of recovery from the shipowner, in absence of proof of negligence or unseaworthiness. Cookingham v. United States, supra.

3. The doctrine of unseaworthiness does not extend so far as to require the owner to keep any part of the vessel which is inherently sound and seaworthy absolutely free at all times from transitory unsafe conditions resulting from use. Cookingham v. United States, supra; Poignant v. U. S., supra.

4. In the case at bar, there was no direct evidence as to how long a time the banana (which, libelant testified, caused him to fall) had been on the deck prior to the accident, nor as to the manner in which it got there. From aught that appeared from the evidence, the banana fell to the deck from one of the stems during this discharging operation. Without proof of negligence or unseaworthiness, there can be no recovery in the premises from the shipowner; therefore, there is no necessity for ruling on the question of indemnity on the part of the stevedoring contractor.

Decree in accordance herewith.