**Hubert N. SELBY, Jr., Libelant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 150, Docket 25251.**

United States Court of Appeals Second Circuit.

Argued Feb. 6, 1959.

Decided March 6, 1959.

Thomas F. Frawley, New York City (Kupfer & Levine and Jacob Rassner, New York City, on the brief), for libelant-appellant.

Edward J. Behrens, of Gay & Behrens, New York City (Cornelius W. Wickersham, Jr., U. S. Atty., E.D.N.Y., Brooklyn, N. Y., on the brief), for respondent-appellee.

Before CLARK Chief Judge, MADDEN, Judge, United States Court of Claims,[1] and HINCKS, Circuit Judge.

MADDEN, Judge.

The libelant-appellant appeals from a decree of the United States District Court for the Eastern District of New York, sitting in Admiralty, dismissing his libel.

The libelant sought, in the District Court, to recover damages under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688, because of having been "exposed to

---

1. Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

contagion and illness" while serving as an oiler on the S. S. Rockland Victory, a ship owned, managed, operated and controlled by the respondent, the United States.

The libelant, then eighteen years old, signed on as an oiler on the Rockland in January of 1946, at the port of New York, for a voyage to begin at Houston, Texas for the carriage of a cargo of horses to Italy. The horses were put on board at Houston. The libelant testified that some of the horses had respiratory sicknesses; that several of them died before the ship left the port of Houston; that many others died at sea; that the condition of the ship was so filthy and nauseating because the horses' stalls were not cleaned and the dead horses were not promptly thrown overboard, and because the live horses coughed, sneezed and discharged flying sputum into the air, that the libelant lost his appetite and was unable to nourish his body. The libelant claims that because of his undernourishment and lowered resistance to disease, tuberculosis germs which are dormant in the bodies of most persons were able to gain the ascendency and disable him.

The horses were carried to Trieste, Italy, the ship returned to Houston and the crew was paid off on April 5. The libelant signed on the same ship for a second livestock carrying voyage on April 22. The ship left Houston April 25, carrying a cargo of mules and mares to Greece, from whence the ship returned to Norfolk, Virginia, on June 8. After six weeks at home, during which the libelant was treated for a mouth condition, he signed on the Kyska, a ship of the Waterman Steamship Company, for a voyage to Bremen, Germany. After three days at sea on the Kyska the libelant began to hemorrhage and spit blood. At Bremerhaven he was transferred to an Army hospital. After two weeks he was put aboard a hospital ship and carried to New York, where he arrived on November 5, 1946, and was placed in the Tubercular Wing of Neponsit Hospital, seriously afflicted with tuberculosis, which has greatly impaired his earning ability.

The District Judge held, D.C., 161 F. Supp. 689, that the libelant had not sustained his burden of proof that the S. S. Rockland was unseaworthy or that it was negligently operated and thereby caused the libelant's harm. There was no evidence of unseaworthiness of the ship, as such. The only respect in which the ship was claimed to have been negligently maintained, was that, the libelant testified, the handlers of the horses were not required to daily clean the stalls, nor to promptly throw the dead animals overboard. The Judge concluded, from entries made in the ship's log, from the fact that no other member of the crew suffered ill effect from the voyage, and from the fact that the libelant signed on for the second voyage on the same ship with another cargo of animals, that the libelant's testimony as to the conditions on the ship was greatly exaggerated, and that in fact there was no negligence in the operation of the ship, in the respect in which the libelant asserts that it was negligently operated.

The libelant had the burden of proof. Seaboard Sand & Gravel Corp. v. American Stevedores, Inc., 2 Cir., 151 F.2d 846. As to "the reluctance of the appellate court to disturb what the trial court with its better opportunities had determined," as applied to a suit in Admiralty, see Petterson Lighterage and Towing Corp. v. New York Central R. Co., 2 Cir., 126 F.2d 992, 995. See also James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226, 230.

The findings of the District Court were not clearly erroneous, and its judgment is

Affirmed.