Gregorio Sanchez **HERNANDEZ,**
Libelant,

v.

**THE S.S. NANCY LYKES,** her engines, boilers, etc.,
and
**Lykes Bros. S.S. Co., Inc., Respondent,**
and
**Ochoa Fertilizer Corporation, Respondent**
Impleaded.

No. 92.

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 4, 1959.

Harvey B. Nachman and Stanley L. Feldstein, San Juan, P. R., Jerome Golenbock, New York City, for libelant.

Hartzell, Fernandez & Novas, Jaime Pieras, Jr., Santurce, San Juan, P. R., for respondent.

RUIZ-NAZARIO, District Judge.

This is an action in Admiralty instituted by Gregorio Sanchez Hernandez against the Steamship Nancy Lykes and its owner, Lykes Bros. Steamship Co. Inc., to recover damages allegedly suffered on the 26th day of March, 1955 aboard the S.S. Nancy Lykes while at the pier of Ochoa Fertilizer Corporation, in Guanica, Puerto Rico, and while the libelant was working as a longshoreman engaged in the discharge of bulk cargo used in the preparation of fertilizer.

Lykes Bros. S.S. Co. Inc., availing themselves of Rule 56 of the Admiralty Rules, 28 U.S.C.A., filed a petition bringing in as third party defendant Ochoa Fertilizer Corporation, the corporation which was the owner of the cargo which was being discharged and who was performing the unloading operations of the S.S. Nancy Lykes. The action came up for trial before this Court on September 22–23, 1957. Testimony and documentary evidence was offered and admitted, and briefs by all parties have been filed.

The balance of the credible evidence in this case is in favor of the respondent and against the libelant.

The libelant is not entitled to credit. Whereas at the trial he testified that he slipped on a substance which was mixed with grease, in the course of his examination before trial he had never mentioned the presence of grease and had stated that he slipped on the substance which was being discharged.

Agustin Rodriguez, a witness for the libelant testified that there was grease on deck; that he picked up the libelant and that the latter's clothes were full of grease; yet the records of Ochoa Fertilizer Corporation proved that at the time of the occurrence of the accident he was not working aboard the vessel.

It is also significant that when the libelant reported his accident to the State Insurance Fund he did not mention Agustin Rodriguez as having witnessed his accident.

On the other hand, Elpidio Gotay, witness for the respondent and who deserves the Court's credit testified that after the accident he helped the libelant to stand, and that there was no grease on the floor.

The plaintiff has not sustained his burden. There is nothing to show whether the substance being unloaded and which had fallen on the deck had been there one minute or ten hours. Without any evidence of the length of time the substance had been there, one cannot infer that the defendant was negligent for failing to wipe it out. Furthermore the evidence is that the deck was being swept free of this substance during the course of the operations, and I must find that the unsafe condition was the sole result of the transitory presence of a foreign substance on the deck. Thus the factual situation in this action is governed by the rule now prevailing in this circuit under the holding of Mitchell v. Trawler Racer Inc., 1 Cir., 265 F.2d 426.

See also the opinion of Judge Maris, speaking for the majority in Cookingham v. United States, 3 Cir., 184 F.2d 213.

Upon due consideration of the pleadings, the evidence, the briefs of counsel and the law properly applicable to the issues herein, the Court being now advised in the premises hereby makes the following:

Findings of Fact

1. The libelant has at all times been a resident of the Commonwealth of Puerto Rico.

2. The respondent, Lykes Bros. S.S. Co. Inc., has at all times been a corporation organized under and by virtue of the laws of the State of Louisiana, and the owner of the S.S. Nancy Lykes.

3. The respondent-impleaded, Ochoa Fertilizer Corporation, has at all times been a corporation organized and existing in accordance with the laws of the Commonwealth of Puerto Rico.

4. The S.S. Nancy Lykes has during the pendency of this action been at reg-

ular intervals of time within the jurisdiction of this Court.

5. On the 26th day of March, 1955, the libelant was lawfully aboard the S.S. Nancy Lykes working as a signalman. At the time he was in the employ of Ochoa Fertilizer Corporation, the respondent-impleaded.

6. At the time of the occurrence of the accident suffered by Gregorio Sanchez Hernandez on March 26, 1955, Lykes Bros. S.S. Co. Inc. and the respondent-impleaded, Ochoa Fertilizer Corporation, had entered into a contract whereby the first was to deliver to the second free in and out of the Port of Guanica, Puerto Rico, certain cargo, and pursuant to the terms of said agreement the respondent's obligation terminated when the vessel was placed alongside the Ochoa Fertilizer pier at Guanica, Puerto Rico. Furthermore, and also pursuant to said agreement, Ochoa Fertilizer Corporation was to discharge the cargo owned by it and handle all the unloading operations.

7. At the time of the occurrence of the accident the unloading operations of the S.S. Nancy Lykes were being performed by the said Ochoa Fertilizer Corporation, and Gregorio Sanchez Hernandez and all his fellow workers, including the men who operated the mechanical shovel and those who cleaned the deck of the vessel, and the foremen, were employees of Ochoa Fertilizer Corporation.

8. The cargo which was being discharged was a fine substance which was stowed in bulk in the hatch of the vessel. This cargo was being discharged with the aid of a mechanical shovel affixed to the pier of Ochoa Fertilizer Corporation and owned by it.

9. Immediately preceding the accident, the libelant was working as a signalman aboard the S.S. Nancy Lykes. His job consisted in signaling the shovel operator when and how to operate the shovel in order to properly effectuate the discharge of the cargo. Libelant, while performing his job had to walk on and around the portion of the deck close to the hatch opening.

10. Sulphur phosphate was being discharged and some of said substance while being unloaded, spilled through the teeth of the mechanical shovel and fell on deck.

11. Ochoa Fertilizer Corporation had an employee engaged in sweeping from the deck whatever substance spilled from the shovel and fell on the deck during the course of the operation.

12. While performing his duties and about 7:30 A.M. the libelant stepped on some of the substance which was being discharged, slipped, and fell.

13. The Court finds that there was no grease present in the portion of the deck on which the libelant slipped and fell.

14. There is absence of proof as to whether or not Lykes Bros. S.S. Co. Inc. or Ochoa Fertilizer Corporation had opportunity to discover the fact that some foreign substance had fallen on the deck or that they had the opportunity to remove it.

Conclusions of Law

1. This Court has jurisdiction over the subject matter of this suit and of the parties thereto.

2. The vessel S.S. Nancy Lykes on which the libelant was lawfully at work at the time of the occurrence of the accident was a seaworthy vessel.

3. The accident occurred without any contributing fault or neglect on the part of the respondent.

4. The proximate cause of the accident was a transitory condition of unseaworthiness for which the respondent cannot be held to answer.

5. The respondent is entitled to a decree dismissing the libel and consequently the petition against Ochoa Fertilizer Corporation, respondent-impleaded, must likewise be dismissed.