Solomon **LIEBERMAN**, Appellant,

v.

**MATSON NAVIGATION COMPANY**,
a Corporation, Appellee.

No. 17521.

United States Court of Appeals
Ninth Circuit.

March 20, 1962.

Joseph F. X. Murphy, San Francisco, Cal., for appellant.

Donald D. Connors, Jr. of Brobeck, Phleger & Harrison, San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

PER CURIAM.

Appellant sued in the district court for personal injuries allegedly caused by a slip and fall aboard appellee's ship, the S. S. MATSONIA. His first count was under the Jones Act for negligence (46 U.S. C.A. § 688); his second, under the general maritime law alleging unseaworthiness; and his third, for maintenance and cure. By stipulation, the first two counts only are before us on this appeal. This court has jurisdiction to review the judgment entered below under the provisions of 28 U.S.C. § 1291.

The only witness as to how the accident happened was appellant. He had shipped aboard the S. S. MATSONIA as a porter, where, among other duties, he was required to wash and wax the deck. At intervals, the deck was "stripped" of existing wax so that it could be rewaxed. This stripping was done by using a machine to scrape the floor. It was operated by appellant's superior. The process required buckets of hot water to be placed on the floor to melt the wax and make the stripping easier. A soapy detergent was used in such water. The entire deck of the "card room" (its size undisclosed by the record) was being "stripped" at one time. Appellant brought the hot water in buckets (after mixing the soap detergent in it), and poured six to nine buckets of it on the deck. The entire deck was obviously slippery and covered with wa-

ter. First appellant's "straw boss" slipped and fell—then appellant. Just where the fall occurred in the card room, the record fails to disclose.

No testimony as to liability was produced by defendant. No testimony other than plaintiff's own story was produced by the plaintiff. The district court awarded judgment to defendant, holding there was no negligence (Finding 6), and no unseaworthiness (Finding 5), and that appellant was furnished a safe place to work (Finding 5).

■ We cannot ascertain from the findings whether the court below believed the plaintiff, and yet found no negligence or unseaworthiness, or disbelieved the plaintiff. As the trier of a factual issue, he was entitled to do either, or both. (Young Ah Chor v. Dulles, 9 Cir. 1959, 270 F.2d 338, 341, and cases there cited; Ly Shew v. Dulles, 9 Cir. 1954, 219 F.2d 413, 416, and cases there cited.) It is unnecessary for us to determine which he did.

■ While it is true that the requirement to furnish a seaman a seaworthy vessel is absolute, it is untrue that this duty is limitless. "The standard is not perfection, but reasonable fitness." Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed.2d 941. The owner is not an insurer. Neterer v. United States, D.C.Md.1960, 183 F.Supp. 893.

"In other words, a seaman is not absolutely entitled to a deck that is not slippery. He is absolutely entitled to a deck that is not unreasonably slippery." Colon v. Trinidad Corp., D.C.N.Y.1960, 188 F.Supp. 97 at 100.

"The temporary presence of water upon the deck does not constitute unseaworthiness—to hold otherwise would make the shipowner an insurer." Garrison v. United States, N.D.Cal.1954, 121 F.Supp. 617.

Whether unseaworthiness or negligence are a proximate cause of the accident are questions of fact. Borgen v. Richfield Oil Corp., 9 Cir. 1958, 257 F.2d 505. The

burden of proving either is on appellant. Selby v. United States, 2 Cir. 1959, 264 F.2d 632; Lipscomb v. Groves, 3 Cir. 1951, 187 F.2d 40.

■ We will not disturb the necessarily implied finding that appellant here failed below to maintain his burden and failed to prove a cause of action.

Judgment affirmed.