JOHN J. BONO *vs.* OCEAN WAVE, INC.

Essex.    January 4, 1966. — April 1, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Seaman. Vessel. Admiralty. Negligence,* Toward seaman, Vessel. *Proximate Cause.*

In an action by an engineer of a vessel against its owner under the Jones Act, 46 U. S. C. (1958) § 688, evidence that the existence of salt water leaks causing corrosion of bolts by which a plate was attached to the clutch housing of the engine were reported to the captain but no repairs were made, and that thereafter, while the engineer was exerting force with a wrench in an attempt to remove one of the bolts, the head of the bolt sheared off and thereby he was caused to fall and be injured warranted findings of negligence on the part of the owner and of a causal connection between such negligence and the engineer's fall and injury. [472]

In a jury case in the Superior Court against the owner of a vessel for personal injuries sustained by an engineer employed thereon, a cause of action for unseaworthiness of the vessel might properly be joined with a cause of action under the Jones Act, 46 U. S. C. (1958) § 688, based on the same facts. [472]

A finding that a vessel was unseaworthy with respect to an engineer employed thereon was warranted by evidence that salt water leaks so corroded a bolt on the engine that while the engineer was exerting force with a wrench in attempting to remove the bolt its head sheared off and he was caused to fall and be injured. [472–473]

CONTRACT AND TORT.    Writ in the Superior Court dated January 3, 1963.

The action was tried before *Ford, J.*

*David B. Kaplan* for the plaintiff.

*Solomon Sandler* for the defendant.

KIRK, J. The plaintiff, employed as an engineer on the defendant's fishing vessel, brings this action in two counts,[1] both for the same cause of action seeking compensation for injuries received in the course of his employment. The first count is under the Jones Act, 46 U. S. C. § 688 (1958), for negligence. The second count derives from the general maritime law and is on the ground that the defendant provided an unseaworthy vessel. The only question presented is whether, under the applicable standards, the judge was in error in directing a verdict on each count for the defendant on the evidence which we summarize.

For a year prior to his injury, which took place on May 30, 1962, the plaintiff had been a member of the crew of the Ocean Wave (the vessel). He had approximately twenty-five years of service as an engineer on fishing vessels. When he first went aboard the vessel he reported to the captain that there were salt water leaks in the trunk of the pilot house causing rust and corrosion to affect the engine and clutch. Later he reported the worsening of the condition to the captain. In March of 1962 a welder examined the steel trunk and found that it was rusted through by salt water deposits from leakage of possibly longer than three months. He told the captain that extensive repairs were required. No repairs were made.

On May 30, 1962, in order to time the engine the plaintiff undertook to remove a plate which was attached by six bolts to the clutch housing. He chipped rust and salt from the bolts and plate and thereafter, exerting considerable force in the use of a socket wrench, removed five bolts. The plaintiff was working on the sixth and last bolt when the head of the bolt sheared off, causing him to fall and sustain injury. He noticed that the threads in the holes in the clutch housing were eaten by salt.

---

[1] A third count, for cure and maintenance, is not before us.

Under Federal standards applicable to causes under the Jones Act, there was a case for the jury on the first count. *Keough* v. *Cefalo,* 330 Mass. 57, 60. The slightest evidence that negligence of the employer caused the injury is sufficient to make a case for the jury. *Rogers* v. *Missouri Pac. R.R.* 352 U. S. 500, 506. Here the jury could find a causal connection between the leakage, the captain's knowledge of it (*Jenkins* v. *Roderick,* 156 F. Supp. 299, 301 [D. Mass.]), the failure to take remedial steps, the consequent corrosion of the bolts and threads, the shearing off of the sixth bolt, and the plaintiff's fall and injury. The reasonableness of an inference of negligence on the part of the employer is clear. *Tennant* v. *Peoria & Pekin Union Ry.* 321 U. S. 29, 32. *Schulz* v. *Pennsylvania R.R.* 350 U. S. 523, 526. "Only if reasonable men could not reach differing conclusions on the issue may the question be taken from the jury." *Baker* v. *Texas & Pac. Ry.* 359 U. S. 227, 228 (per curiam). See *Thorneal* v. *Cape Pond Ice Co.* 321 Mass. 528, 531–532.

The second count, based on the unseaworthiness of the vessel, involves general maritime law which is to be applied according to Federal principles. See *Keough* v. *Cefalo,* 330 Mass. 57, 60. Although unseaworthiness is technically a nonjury admiralty cause of action, in a jury case the issue may be submitted to the jury when joined with an issue arising from the same facts under the Jones Act. *Fitzgerald* v. *United States Lines Co.* 374 U. S. 16, 18. Applying Federal principles here, we think the issue of unseaworthiness of the vessel should have been submitted to the jury (*Jenkins* v. *Roderick,* 156 F. Supp. 299 [D. Mass.]) as a ground for recovery alternative to negligence under the Jones Act. *McAfoos* v. *Canadian Pac. S.Ss. Ltd.* 243 F. 2d 270 (2d Cir.).

A shipowner has an absolute duty to furnish a seaworthy ship. *Mitchell* v. *Trawler Racer, Inc.* 362 U. S. 539, 549. For recovery it is not essential that the ship be proved totally unseaworthy; it is sufficient if it is proved unseaworthy with respect to the person injured. *McAllister* v.

*Magnolia Petroleum Co.* 357 U. S. 221, 227.   On this basis there is again presented the factual question of the existence of a causal relation between the leak, the corrosion, the shearing off of the bolt, and the plaintiff's fall.   *Lieberman* v. *Matson Nav. Co.* 300 F. 2d 661 (9th Cir.).   Quite apart from the question of the employer's negligence there was a question of fact whether there was an unseaworthy condition of the vessel which caused the plaintiff's injury.

It is true, of course, that the jury could find that the extraordinary effort made by the plaintiff to remove the last bolt constituted negligence on his part.   If this merely contributed to his injury, it would, at most, operate in mitigation of damages under the Federal law here applicable under either count.   *Keough* v. *Cefalo,* 330 Mass. 57, 62. See *Socony-Vacuum Oil Co.* v. *Smith,* 305 U. S. 424, 431. It is conceivable that the jury could find overexertion by the plaintiff to be the sole cause of his injury.   This does not justify a directed verdict.   That a case may be close and a jury may find either way "is no reason for a court to usurp the function of the jury."   *Jacob* v. *New York City,* 315 U. S. 752, 756.   *Keough* v. *Cefalo,* 330 Mass. 57, 61, and cases cited.   There was error in directing a verdict on each count for the defendant here.

*Exceptions sustained.*