Ronald JOHNS, Plaintiff—Appellant,

v.

MISTY BLUE INC., a Washington and or a foreign corporation in Personam; Misty Blue F/V, her tackle, equipment, fishing permits and apparel in Rem, Defendants—Appellees.

No. 04–35483.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2005.

Decided Sept. 22, 2005.

Anthony Martin Urie, Esq., Seattle, WA, for Plaintiff–Appellant.

Terence L. Rooney, Esq., Bert W. Markovich, Esq., Schwabe, Williamson & Wyatt, Seattle, WA, for Defendants–Appellees.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

**MEMORANDUM** *

Ronald Johns appeals the district court's refusal to give his proffered jury instructions, the district court's exclusion of Captain Johns' testimony, and the district court's denial of his motions for a judgment notwithstanding the verdict and for a new trial. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. As explained below, we affirm the bulk of the district court's decisions, but must remand to allow the district court to consider Johns' contention that a new trial is warranted because the weight of the evidence was insufficient to support the verdict.

Johns' challenge to the jury instructions was properly preserved for appellate review because Johns' proposed jury instructions, combined with his objection to the district court's decision not to give those instructions, was "sufficiently specific to bring into focus the precise nature of the alleged error[s]." *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713, 716 (9th Cir.2001) (internal quotation marks omitted) (noting that as long as a party "introduces an instruction and presents arguments to the district court concerning the merits of that instruction," the party may not even need to object in order to preserve the challenge for appellate review).

■ The district court's instructions on unseaworthiness did not misstate the law. The district court did not abuse its discretion by refusing to give a specific instruction regarding transitory conditions. "Any challenged instruction must be considered in light of the full set of jury instructions and the trial record as a whole." *Gibson v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ortiz,* 387 F.3d 812, 821 (9th Cir.2004). The district court gave the Ninth Circuit model instruction on the general law of unseaworthiness. This instruction did not preclude the jury from finding that the Misty Blue was unseaworthy due to a temporary condition. Moreover, another instruction given to the jury indicated that unseaworthiness could be caused by a temporary condition.

■ Nor did the district court abuse its discretion by rejecting Johns' proffered instruction regarding contributory negligence. Johns' instruction addressed situations where a seaman responds to a dangerous condition. However, Misty Blue, Inc. never argued that Johns was negligent in performing acts after the boat developed a list. Moreover, the jury found that Misty Blue, Inc. was not negligent and that the Misty Blue vessel was seaworthy. Thus, there was no reason for the jury to consider fault. The jury also had no reason to consider whether a superseding cause might have precluded a recovery. *See Farr v. N.C. Mach. Co.,* 186 F.3d 1165, 1168 (9th Cir.1999) ("[A] later cause of independent origin that was not foreseeable cuts off the proximate causation *of the defendant's negligence.*" (internal quotations omitted) (emphasis added)).

■ The district court did not abuse its discretion in ruling that Johns could not call Johnson to testify late in the trial. District court judges have broad discretion in managing their trials. *United States v. Heredia–Fernandez,* 756 F.2d 1412, 1416 (9th Cir.1985). At trial, Johns failed to show that Johnson's testimony was important enough to justify delaying the trial.

The merits of the district court's denial of Johns' post-trial motion for judgment notwithstanding the verdict (JNOV) are properly before this court. Johns never presented to the district court a pre-ver-

dict motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), but Misty Blue, Inc. waived any challenge to the JNOV motion on that ground. *Graves v. City of Coeur D'Alene,* 339 F.3d 828, 838–39 (9th Cir.2003).

■ As to the merits of the JNOV motion, "a judgment [notwithstanding the verdict] is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002). There was ample evidence at trial that the hose clamp was reasonably fit for its intended purpose of clamping the hose, and the Misty Blue was manned by reasonably fit personnel. Reasonably fit devices and reasonably fit personnel may still cause injury. *See Lieberman v. Matson Nav. Co.,* 300 F.2d 661, 661–62 (9th Cir.1962) (per curiam) (holding that determination of seaworthiness was supported by substantial evidence even though hot soapy water covered the deck when plaintiff slipped, because doctrine of seaworthiness only requires reasonable fitness, not perfection). Therefore, considering the evidence in the light most favorable to Misty Blue, Inc., a rational jury could have concluded that the Misty Blue vessel was seaworthy. The district court did not err in denying the JNOV motion.

The district court abused its discretion, however, by failing to rule on each aspect of Johns' motion for a new trial. Johns argued to the district court that a new trial was warranted because of defense counsel's misconduct. The district court rejected this argument, and Johns has not challenged that ruling on appeal. Johns also argued to the district court, however, that a new trial was warranted because the jury's verdict of seaworthiness was "con-

trary to the weight of the evidence," which is the proper standard against which to determine whether a new trial should be granted on the ground of insufficiency of the evidence to support the verdict. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1189 (9th Cir.2002). This standard is more lenient than that used for JNOV motions. For JNOV motions, the district court must view the evidence in the light most favorable to the verdict. *Pavao*, 307 F.3d at 918. For new trial motions on the ground of insufficiency of the evidence to support the verdict, the district court must reweigh the evidence. *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir.1987). The district court neglected to do so, and as a result abused its discretion in denying the new trial motion.

Although we affirm the district court on the other issues raised by Johns in this appeal, we vacate the district court's denial of Johns' new trial motion which Johns made on the ground that the evidence was insufficient to support the jury's verdict. We remand that issue to the district court for its consideration, in which it should reweigh the evidence presented at the trial.

AFFIRMED in part, VACATED in part, and REMANDED.

WARDLAW, Circuit Judge, concurring.

I concur in the majority's disposition. I write separately because while the district court's decision to preclude Johnson's testimony is within the range of a district court's discretion, in my judgment, it is barely so.

The entirety of the circumstances before the district court makes Johnson's preclusion appear, at a minimum, quite unfair. Johnson was available on the original date he was to testify. His testimony could have resolved the factual dispute as to whether he or Johns was the active engineer. He could have disputed Fahrenkopf's testimony about the inspection performed at the end of the previous season. He could have explained the details about loosening the hose clamp when he and Fahrenkopf winterized the fresh water pump. Indeed, his was the only testimony that could corroborate that of Johns.

Johns's failure to call Johnson earlier in the trial was a matter of professional courtesy. Johnson was present and available to testify, but instead of calling Johnson, plaintiff's counsel allowed the defense to call a witness out of order so that defense counsel would not be required to compensate the witness to return to court after Johnson testified. Defense counsel failed to extend the same professional courtesy to the plaintiff, even expressing his preference that the court preclude Johns from indicating to the jury that Johnson was present in the courtroom and willing to testify.

Although district court judges have broad discretion in managing their trials, *United States v. Heredia–Fernandez*, 756 F.2d 1412, 1416 (9th Cir.1985), they "must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency." *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir.2001) (internal quotation marks omitted). In this case, while there may have been legitimate concerns about trial efficiency, providing a fair trial to an egregiously injured seaman should have weighed in favor of allowing Johnson's testimony. Only the extremely deferential standard of review compels my joinder in affirming the district court.