Ronald JOHNS, Plaintiff—Appellant,

v.

MISTY BLUE INC., a Washington and or a foreign corporation in Personam; Misty Blue F/V, her tackle, equipment, fishing permits, and apparel in Rem, Defendants—Appellees.

No. 05–36222.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 6, 2006.*

Filed Sept. 8, 2006.

Anthony Martin Urie, Esq., Seattle, WA, for Plaintiff–Appellant.

Bert W. Markovich, Esq., Mario J. Madden, Esq., Schwabe Williamson & Wyatt, PC, Seattle, WA, for Defendants–Appellees.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Ronald Johns appeals the district court's denial of his motion for a new trial based on insufficiency of the evidence that the Misty Blue was seaworthy. We previously remanded this issue because in denying Johns' new trial motion the district court failed to reweigh the evidence. *See Johns v. Misty Blue, Inc.*, 149 Fed.Appx. 685, 687–88 (9th Cir.2005) (unpublished decision). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review for an abuse of discretion the district court's denial of a motion for a new trial. *See Alford v. Haner*, 446 F.3d 935, 936 (9th Cir.2006).

We will reverse denials of such motions for new trials in only four strictly limited situations: (1) the trial court believes it lacks the power to grant a new trial; (2) it concludes that it may not weigh the evidence; (3) it weighs the evidence explicitly against the wrong standard, i.e., substantial evidence or preponderance of the evidence; or (4) it concludes the verdict is against the clear weight of the evidence but refuses to grant a new trial.

*Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir.1987) (internal citations omitted).

The district court did not abuse its discretion in denying Johns' motion for a new trial based on insufficiency of the evidence. On remand, the district court applied the proper standard of review and reweighed the evidence regarding seaworthiness. In addition, at least some evidence in the record supports the finding that the Misty Blue was seaworthy. *See Johns*, 149 Fed. Appx. at 687. Contrary to Johns' assertion, the district court's statement regarding Johns' responsibility for the accident is independent from and has no bearing on its conclusion that the Misty Blue was seaworthy. *See Hudson Waterways Corp. v. Schneider*, 365 F.2d 1012, 1014–16 (9th Cir.1966).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.